# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4336 | **DATE** | 12/29/2004 |
| **CASE TITLE** | Wilfredo Cuevas vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Application for Fees and Costs [#35] filed by counsel for Plaintiff is **granted**. The Court awards fees and costs under the Equal Access to Justice Act in the amount of $8,738.75.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices: 3 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 3 0 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 39 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT 2004 DEC 29 AM 10:30 | 12/29/2004 date mailed notice | |
| FT /pery | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILFREDO CUEVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 4336 |
| ) | |
| JO ANNE B. BARNHART, ) | Magistrate Judge |
| Commissioner of Social ) | Arlander Keys |
| Security, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
DEC 3 0 2004

## MEMORANDUM OPINION AND ORDER

On July 14, 2004, the Court issued a Memorandum Opinion and Order remanding this case to the Commissioner of Social Security. *See Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 1588277 (N.D. Ill. July 14, 2004). Shortly thereafter, Mr. Cuevas' attorney petitioned the Court for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 40, 124 S.Ct. 1856, 1862 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v.*

*Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

Having won summary judgment in his favor and secured a remand, Mr. Cuevas is the prevailing party. Moreover, the Court granted summary judgment to Mr. Cuevas, and denied the Commissioner's motion for summary judgment, because it found that the ALJ ignored key lines of evidence, misstated or omitted key facts in the record, and failed to follow the social security regulations and the law of this Circuit concerning credibility determinations and findings, and concerning pain and the effects thereof. See *Cuevas*, 2004 WL 1588277, at *12-*16. All of this tends to demonstrate that the ALJ's position, and the Commissioner's defense of that position, were not substantially justified. See, e.g., *Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). The Commissioner has offered nothing in her opposition brief to persuade the Court otherwise. The Court, therefore, finds that an award is appropriate under the EAJA.

Having determined that an award is appropriate, the Court turns to the question of the amount of the award. Counsel seeks to recover fees covering 58.1 hours of attorney time at the rate of $147.50/hour; counsel also seeks to recover 3 hours of legal assistant time at the rate of $85.00/hour. Thus, counsel requests total fees in the amount of $8,824.75. Additionally,

counsel seeks to recover costs in the amount of $189.26.

Looking first at the requested rates, the Government does not challenge counsel's proposed rates, and the Court finds them to be reasonable. Additionally, after reviewing the bills submitted by counsel, the Court finds that the time spent pursuing this case was, for the most part, reasonable; indeed, the Government does not argue otherwise. The Court does find, however, that the fees requested in counsel's supplemental request, submitted with counsel's reply brief, are unreasonable. According to that request, counsel spent 4.1 hours reviewing the Commissioner's opposition brief and preparing a reply brief in support of his EAJA fee petition. The Court finds that this is unreasonable for two reasons: first, the Commissioner's opposition brief was less than 4 pages long; and second, counsel spent just 2.4 hours preparing the initial petition. The Court will allow just 2.5 hours total in connection with the reply brief. Thus, the Court finds that the amount of time counsel and his legal assistant reasonably spent on this case was 59.5 hours - 56.5 hours of attorney time, plus 3 hours of legal assistant time.

With respect to costs, counsel seeks to recover the fee paid to file this lawsuit, and slightly less than $40 in expedited delivery charges. The Court will allow the former, but will not allow the latter. *See, e.g., Webb v. Bowen*, No. 84 C 1113, 1987

WL 18935, at *3 (N.D. Ill. Oct. 21, 1987).

Thus, in total, the Court will award counsel for Mr. Cuevas fees and costs in the amount of $8,738.75. This amount consists of:

(1) 56.5 hours of attorney time, billed at the rate of $147.50/hour, for a total of $8,333.75;

(2) 3 hours of legal assistant time, billed at the rate of $85.00/hour, for a total of $255.00; and

(3) the $150.00 filing fee.

## Conclusion

For the reasons set forth above, the application for fees and costs filed by counsel for Mr. Cuevas is granted. The Court awards fees and costs under the EAJA in the amount of $8,738.75.

Dated: December 29, 2004

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge